## LARZELERE & CO. v. UNITED STATES (No. 1725).[1]

1. CONSTRUCTION, PARAGRAPH 479, TARIFF ACT OF 1913—"CORUNDUM."
   The expression "corundum" in paragraph 479, tariff act of 1913, includes both natural and artificial corundum.

2. PLEADING—PROTEST, SUFFICIENCY OF.
   A protest claiming classification as a crude artificial abrasive under paragraph 479, tariff act of 1913, is not sufficient to support a decision making classification as corundum under the same paragraph.

3. BORO-CARBONE—ARTIFICIAL CORUNDUM.
   Merchandise invoiced as "boro-carbone," an artificial corundum made by melting and crushing bauxite, is classifiable under paragraph 479, tariff act of 1913, as corundum, and not under paragraph 479 as a crude artificial abrasive, or under paragraph 411 as crude bauxite, or under paragraph 343, by similitude, as emery, ground.

### United States Court of Customs Appeals, April 23, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39630.
[Modified.]

*Comstock & Washburn* (*Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Frank P. Wilson,* special attorney, of counsel), for the United States.

[Oral argument October 31, 1916, by Mr. Washburn and Mr. Tompkins and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
The merchandise involved in this case was invoiced as boro-carbone. The testimony in the case shows without contradiction that it is in

---

[1] T. D. 37198 (32 Treas. Dec., 546).

fact an artificial corundum. It is made by melting and then crushing bauxite, and is used in place of natural corundum as an abrasive material and in combination with certain clays for the manufacture of corundum wheels.

It was assessed for duty under paragraph 343 of the tariff act of 1913 as emery, ground, by similitude. The importers claim that it is entitled to free entry under paragraph 479 of that act as corundum or crude artificial abrasive.

Three protests are involved. In two of these protests the claim is made under paragraph 479 for free entry as a crude artificial abrasive or under paragraph 411 as crude bauxite. The third protest claims free entry under paragraph 479 as corundum or as crude artificial abrasives not specially provided for. As the claim of free entry as crude artificial abrasives is included in all the protests, we first discuss that question.

The board in its opinion states that the merchandise was assessed for duty under paragraph 343 and was claimed to be free as a crude artificial abrasive under paragraph 479, and finding that the merchandise was in all respects similar to that included in T. D. 35383, rests the conclusion upon that case.

That case arose under the act of 1909, which provided by paragraph 432 for emery grains and emery manufactured, and in the same paragraph for crude artificial abrasives. The board in the cited case, in an opinion in which the reasoning is very satisfactory, and as we believe, conclusive, held that the article involved is not crude artificial abrasive.

The testimony in that case, as in this, showed that the merchandise was made of a clay known as bauxite, containing a high percentage of aluminum; that the first process toward its production is to place it in an electric furnace where, through heat, it is reduced to a molten form and then run off into retorts, and as the molten mass cools it crystallizes. In the molten mass all foreign matter which rises to the surface is eliminated, mostly in the form of iron. After the remainder is cooled it is broken, put through rollers and crushed, as shown by the sample.

When the melting process is accomplished, it would appear that the product is an abrasive. But it is further processed. It is broken, put through rollers, crushed, then put through sieves of various meshes, and as the evidence in this case would indicate, is assorted. It was held that such a product is not a crude artificial abrasive, citing the opinion of this court in Harrison Supply Co. *v.* United States (6 Ct. Cust. Appls., 72; T. D. 33980).

But in that case no claim was made under the provision for corundum. The act of 1909, paragraph 561, provided for free entry of "emery ore and corundum." This provision is continued in the

act of 1913, in paragraph 479, with the addition of artificial abrasives not specially provided for. So that the free list paragraph now reads, "emery ore and corundum, and crude artificial abrasives, not specially provided for."

The question, therefore, presents itself as to whether artificial corundum is within the general term "corundum." It is contended by the Government that it is not; that corundum in the act of 1913 and by inference the act of 1909 should be read as if it had been written "corundum ore." The Government invokes the rule of ejusdem generis.

We know of no case where that rule has been applied to such a collocation of terms as we encounter here. By the act of 1909 two things were provided for—(1) emery ore; (2) corundum. The natural inquiry under that act would be, What is corundum? The fact that these provisions were continued in paragraph 479 of the present act, and crude artificial abrasives not specially provided for added, does not result in any change in the meaning of the terms employed in the act of 1909. So we conclude that the question of whether artificial corundum is included within the general term corundum stands for decision, or, to state the question in a broader way, whether an unqualified provision for a given article includes such named article made by artificial means.

This question is not new. The subject was reviewed by De Vries, General Appraiser, in the cryolite case, G. A. 5575 (T. D. 24990). The article was invoiced as an artificial cryolite and was such in fact. It was held that as the language of the free list was unqualified in terms, providing for free entry of cryolite or kryolith, it should be held to include either natural or artificial cryolite. See also G. A. 4398 (T. D. 20925), United States v. Schering (163 Fed., 246), and Klipstein v. United States (4 Ct. Cust. Appls., 510; T. D. 33936).

It must be held that the article here involved falls within the provision for corundum named in paragraph 479.

In two of the protests there was no claim made distinctly for corundum, the protest claiming free entry under paragraph 479 as a crude artificial abrasive. It is contended by the Government that these protests were insufficient to admit of entry of these goods as corundum. The importers reply that it is sufficient if the protest discloses the paragraph under which the claim is made, citing Carter v. United States (1 Ct. Cust. Appls., 64; T. D. 31033), United States v. Salambier (170 U. S., 621), and Michelin Tire Co. v. United States (6 Ct. Cust. Appls., 283; T. D. 35507).

We think none of these cases support the contention of the importers. The case of Michelin Tire Co. was a case in which the importers made the claim that the goods were dutiable under a certain paragraph, but omitted to describe them as subject to an additional duty under

another paragraph. The goods were properly classifiable under the paragraph named, and upon inspection it could be determined whether they were subject to an additional or cumulative duty. In this respect that case differs from the present. It was open to the construction that the purpose of the protest was to point out the primary duty at which the goods should be assessed, leaving the question of the application of cumulative duty or additional duty to be determined upon the inspection of the collector.

The infirmity in the present protests is that while both of them point out the paragraph under which a more general claim might perhaps be made, they go further and direct the attention of the collector to a distinct claim, namely, that this importation is dutiable as a crude artificial abrasive. This excludes the idea that it is dutiable as corundum. When the collector examines that importation and finds that the article is not in fact a crude artificial abrasive, the protest is sufficiently answered, and there is no reason for reliquidation. The essential, minute description of these goods is that they constitute a crude artificial abrasive. The claim that they are dutiable as corundum in the form in which this importation appears is not only not included in this protest *but is wholly inconsistent therewith.*

The case of Bowling Green Storage Co. *v.* United States (3 Ct. Cust. Appls., 309; T. D. 32588) was a case in which paragraph 717 of the act of 1909 was under consideration. The importers filed a protest which invoked paragraph 717, and read as follows:

You will please take notice that we protest against your decision as to the rate and amount of duties to be paid on antiquities, etc., * * * and claim as reasons for our objections thereto that the said merchandise is properly classifiable under 717 as works of art and sculptures, which have been in existence more than 20 years prior to the date of their importation, the production of professional sculptors in marble, stone, etc.

Paragraph 717 provided for works of art and sculptures which had been in existence more than 20 years from the date of their importation, the work of professional sculptors in marble, stone, etc. It also contained a further provision for "other works of art, collections in illustration of the progress of the arts, works in bronze, marble, terra cotta, parian, pottery, or porcelain, artistic antiquities, * * * which shall have been produced more than one hundred years from the date of importation."

The question was whether this protest sufficiently raised the point as to the admissibility of those importations under the 100-year clause of the paragraph, it being said that the protest claimed not only on antiquities but under paragraph 717, which would necessarily bring it within the 100-year clause. It was said of this contention:

This would be entitled to much force had the protest rested there. But it proceeds to state with specificness the objection, assigning reasons, as is required, for the

objections, and those reasons, as stated, are that the goods are admissible under paragraph 717 "as works of art and sculptures which have been in existence more than twenty years prior to the date of their importation, the production of professional sculptors in marble, stone, etc."

And it was held that this was a clear limitation upon the recital in the first part of the protest, and limited the importer to the 20-year clause of the paragraph.

See also Bliven v. United States (1 Ct. Cust. Appls., 205; T. D. 31239) and United States v. Kuyper (6 Ct. Cust. Appls., 142; T. D. 35393).

The decision will stand affirmed as to protests Nos. 776598 and 771676, and will be reversed as to No. 790505, with direction that the goods named in the latter protest be admitted free.

*Modified.*