AMERICAN MAIL LINE, LTD. *v.* UNITED STATES (No. 4496)[1]

[1] C. A. D. 335.

United States Court of Customs and Patent Appeals, May 7, 1946

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for appellant.
*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips*, special attorney, of counsel), for the United States.

[Oral argument April 3, 1946, by Mr. Tuttle and Miss Phillips]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The appellant protested the collector's assessment of duty at 50 per centum ad valorem under section 466 of the Tariff Act of 1930, which provides for equipment and repairs of vessels, which protest was overruled by the United States Customs Court, Third Division (C. D. 885), and appellant has appealed here from its judgment.

Numerous protests, not necessary to here set out or further identify, were filed in connection with articles placed upon or work performed upon a number of different ships. The instant appeal, however, is concerned with but two of the protests, 979272–G/15774 and 981007–G/16070, both of which involve the vessel *President Jefferson*. The two protests are as follows:

Protest 979272–G/15774:

Protest is hereby made against your decision assessing duty at 50% ad valorem under Section 466, Tariff Act of 1930 or other rate or rates, on certain foreign ship repairs made to the

American SS President Jefferson at Shanghai, China, on June 9th and 21st, 1937, and at Hongkong, China, on June 18th, 1937

covered by entries named below. The reasons of objecttions, under the Tariff Act of 1930, are that said merchandise and repairs as covered by items under the heading Deck Games (a) D. G.; under the heading Other Repairs (a) to (v) OR inclusive; under the heading Cleaning and Painting (a) C&P except item No. 1 in the A. Jim's Deck Dept. bill and item relating to cleaning of scupper pipe on bill of Huh Hsing Engineering & Shipbuilding Works, (b) C&P, and (c) C&P except items No. 2 and No. 5 in Engine Dept. Bill; and under the heading Crockery (a) C.

Claim is respectfully made that the above items are not dutiable under Section 466 or any other provision of said Act; that there is no duty properly assessable on said items.

| Entry No. | Date of Entry | Liquidated | Vessel | Marks and Numbers |
|---|---|---|---|---|
| Repair Entry V-1. | 7-15-37 | 3-24-38 | S. S. Pres. Jefferson Voy. 66. | All items listed under Deck Games, Other Repairs, Cleaning & Painting, and Crockery as above. And various as per invoices and entries. |

Protest 981007–G/16070:

Protest is hereby made against your decision assessing duty at 50% or other rate or rates, on Cleaning Boilers, covered by entries named below. The reasons for objections, under the Tariff Act of 1930 are that said work consisted of cleaning only and was not equipment or any parts thereof, repairs, repair parts or materials used in repairs nor painting but was of a cleaning nature only and is therefore not dutiable under Sec. 466 of the Tariff Act of 1930 nor under any other provision or provisions of the law.

| Entry No. | Date of Entry | Liquidated | Vessel | Marks and Numbers |
|---|---|---|---|---|
| V-29 | June 17, '38. | October 18, 1938. | President Jefferson. | N/M And various as per invoices and entries. |

Section 466 of the Tariff Act of 1930 reads in part as follows:

### SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. *The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade,* or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country * * * " [Italics ours.]

The attorneys concerned with the early handling of the protests in 1938 were other than the attorneys who tried the case in the trial court and here.

The appellant proceeded in the trial court to present evidence and make argument supporting present counsel's theory that the *President Jefferson* was not a "vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade," but admitted that the subject matter involved in the protests was "equipment and repairs" for vessels within the meaning of that term as applied to some ships other than the *President Jefferson.*

After certain exhibits had been offered and the testimony of appellant's witness was partially completed Government counsel objected to this line of evidence on the ground that "it [the exhibit relating to the registry of the ship *President Jefferson*] has not been made relevant to the issue involved herein."

As the trial proceeded it developed that it was the purpose of appellant's counsel to show to the court that the *President Jefferson* was not "documented" as required by section 466, *supra.* . He frequently admitted that the articles placed upon and work performed upon the ship were equipment and repairs and wished to confine the issue to the character of the ship.

.The Government, at the close of appellant's testimony, made the following motion:

The Government moves to dismiss the protests, on the ground that the issues raised therein have been judicially determined several times by the Court of Appeals, namely, that painting, expenses of painting constitute repairs within the meaning of the term as set forth in Section 466; and, secondly, that crockery ware has been held by the Court of Customs and Patent Appeals to constitute equipment within the meaning of Section 466; and I cite to the court Warner vs. the United States, C. A. D. 136.

It was apparent that the Government still was of the opinion that the only issue involved was the question of whether the subject matter involved constituted equipment and repairs, and subsequently to said motion appellant again admitted that the articles and labor involved were equipment and repairs.

The Government then introduced the testimony of one witness on the subject of documentation and registration and the interpretation of said section 466, apparently in an attempt to meet the new issue raised. It made no further objections or motions to strike but obtained a stipulation to the effect that the articles were in fact equipments and that the work was in fact repairs for the vessels involved in the protests then under consideration.

According to the decision of the trial court appellee there raised the question of the insufficiency of the protests, urging that they should be dismissed since they did not point out distinctly and specifically the reasons for the objections made to the liquidations such as would include a claim that the vessel involved was neither documented to engage in the foreign or coasting trade nor intended to be employed in such trade, within the meaning of section 466.

The trial court held in substance that the plaintiff did not have to plead his arguments and that the protests that the repairs or equipments were not dutiable under section 466 or elsewhere were sufficient to justify overruling the Government's motion for dismissal.

On the issue presented and discussed, the trial court held that appellant's contentions which were made there (the same contentions having been made here) were without merit and directed that judgment be entered in favor of the Government. In the judgment the protests were overruled.

In this court the Government challenges the sufficiency of the protests to raise the issue discussed by appellant. It has not ques-

tioned the sufficiency of the protests to invoke the jurisdiction of the trial court and this court to decide the issue as to whether or not the assessment as equipment and repairs was proper but contends that the issue here presented is without those formed by the pleadings.

Both parties have briefed the question as to the sufficiency of the protests, and after very careful consideration we are of the opinion, for reasons presently stated, that the protests are insufficient to raise the question which appellant seeks to have us determine.

We will consider each of the protests separately.

In the first one, protest 979272–G, it will be observed that the protest is directed against the collector's decision "assessing duty at 50% ad valorem under Section 466, Tariff Act of 1930 or other rate or rates, on certain foreign ship repairs made to the American SS President Jefferson * * * covered by entries named below." Then an attempt was made to state the reasons of objections, but for some reason the sentence was never completed. It will be noticed that in this incomplete sentence certain exceptions are made. As to whether these exceptions were intended to admit that the excepted items were repairs or equipment for the *Jefferson* is not, owing to the character of the unfinished sentence, made clear. (Appellant's counsel does not comment on this subject matter.) However, it is not illogical to conclude, in view of what we think the protestant had in mind, that it was intended to admit that certain of the items which had been assessed as equipment or repairs for the *Jefferson* were properly so assessed.

The protest then continues:

> Claim is respectfully made that the above items are not dutiable under Section 466 or any other provision of said Act; that there is no duty properly assessable on said items.

Further mention is made of "Deck Games," "Cleaning & Painting," and "Crockery," but no mention is anywhere made that the *President Jefferson* was not the character of ship for which repairs and equipment were made dutiable under said section.

The second protest, 981007–G, is directed against the collector's decision assessing duty at 50 per centum ad valorem on "Cleaning Boilers" and states that the reasons for objections are "that said work consisted of cleaning only and was not equipment or any parts thereof, repairs, repair parts or materials used in repairs nor painting but was of a cleaning nature only and is therefore not dutiable under Sec. 466 of the Tariff Act of 1930 nor under any other provisions of the law."

An examination of the other protests which were filed at or about the same time as were the ones at bar and which were involved below but are not involved here discloses that in some instances particular items, such as crockery, were stated not to be equipment for vessels

and in others that such repairs were caused by stress of weather and casualty.

It is obvious that it was the intent of the protestant in filing the protests to claim that the items were not of the character that could be regarded as equipment or repairs for any vessel and that the question of the character of the vessel was not in the mind of the protestant.

The statute relating to the filing of protests, section 514 of the Tariff Act of 1930 (and the language is substantially the same in a number of previous tariff acts) provides that the aggrieved party may

file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto.

A long line of decisions of this court holds that it was the purpose of Congress, in enacting the protest provision, to simplify the procedure relating to the collection of customs duties; that no specialized legalistic knowledge was to be required in filing a protest, and that it would be sufficient if it distinctly and specifically set out the reasons for the objections to the collector's action so that the collector would know what was in the mind of the protestant and, if proper, could take such action as was necessary to make corrections. The protestant was required not only to point out that his merchandise was not dutiable under the provision under which it was assessed with duty, but to also point out where in the tariff act it was dutiable, if anywhere.

The rule was stated in concise language in *Davies* v. *Arthur*, 96 U. S. 148, 151, as follows:

\* \* \* the object of the requirement is to prevent a party, if he suffers the mistake or oversight to pass without notice, from taking advantage of it when it is too late to make the correction, and to compel him to disclose the grounds of his objection at the time when he makes his protest.

\* \* \* Technical precision is not required; but the objections must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated. *Burgess* v. *Converse*, 2 Curt. 223.

In *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T. D. 34946, the following was said:

\* \* \* one cardinal rule in construing a protest is that it must show fairly that the objection afterwards made at the trial was in the mind of the party at the time the protest was made and was brought to the knowledge of the collector to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one that could be obviated.

See also *Larzelere & Co.* v. *United States*, 8 Ct. Cust. Appls. 64, T. D. 37198, where a protest was *inconsistent* with the claim of the importer.

Appellant seems to urge that in both protests he has pointed out that the subject matter is not dutiable under said section 466 nor elsewhere and that this is sufficiently definite to meet the requirements of the statute. The difficulty with appellant's position is that the collector was informed that it was the contention of the protestant that the articles and repairs assessed did not fall within the meaning of the term "equipment and repairs" for reasons which we have hereinbefore set out. The collector was not advised, and it is apparent from the record that the Government counsel was not advised until the trial was under way, that there was ever to be any contention that the *President Jefferson* was not *documented* in accordance with said section 466.

We think the protests were insufficient to embrace the issue presented to the trial court and presented here. While they may have been sufficient to have invoked the jurisdiction of the trial court to decide the case, the issue presented at the time of the trial was outside of the issues presented in the protests.

In this court it is ingeniously argued by appellant, in substance, that the Government has slept upon its rights and that by its silence and acquiescence, if the protests be regarded as insufficient, it has led the appellant into an inequitable position to its damage and that a holding to that effect by this court would amount to such an anomaly as "would constitute a travesty on justice and on orderly procedure"; that if appropriate objection had been made at the proper time by the Government, appellant's counsel could have amended many of the other protests not here directly involved and thus had the issue determined without question.

As we understand appellant's contention in its supplemental brief devoted to the question, it argues for the application of equitable principles and urges that this court should, in view of the Government's said conduct, overlook the insufficiency of the protests and pass upon the issue presented.

Appellant argues that during the trial both parties were of the same understanding as to the issue and that any objections to the testimony which were concerned with this issue were waived and that thereafter the Government should not be heard to press its objections to the sufficiency of the protests.

In oral argument it was pointed out that sometimes in certain cases, courts permit an amendment of the pleadings to conform to the evidence, and that great care is taken to see that litigants who have been misled are not deprived of legal redress if it is possible and just to do otherwise.

There are two considerations which militate against agreeing with appellant's contentions. Courts cannot, in the face of a mandatory statute, permit the doing of something to bring about equity where,

in the absence of a statute, it might be permissible. See *Willcox* v. *Goess*, 92 F. (2d) 8, 14 (C. C. A. Second Circuit), where it is stated:

\* \* \* Equity may, and indeed should disregard form; but equity may not, any more than the law, disregard the conditions imposed by statute upon the substance of a legal transaction. This was a mortgage against whose creation by ordinary means the legislature had interposed conditions which no court might disregard—in equity as little as at law.

The statute at bar, section 514, requires that the protestant "distinctly and specifically" protest in writing, and this has been held to mean that he must inform the collector of his reasons so that the collector may know why the protestant claims he is wrong. True, a protest does not need to set out the arguments, but there ought to be found within it an indication of the issue to be presented, which, in our opinion, the instant protests do not contain.

Moreover, in section 518 of the Tariff Act of 1930, Congress provided that:

Under such rules as the United States Customs Court may prescribe, and in its discretion, the court may permit the amendment of a protest, appeal, or application for review.

Pursuant to this statutory provision, the Customs Court adopted rule 9, providing for the amendment of protests "at any time before the case is called for trial."

The statute and the trial court rule, therefore, would preclude the application of such principles as are urged by appellant to the effect that this court can permit an amendment here or that the trial court, after the trial had begun, could have permitted such an amendment, although it is disclosed by the record that no offer to amend was made.

Of course it is presumably understood by all that the Federal Rules of Civil Procedure do not apply to this court or to the United States Customs Court.

The cases cited by appellant relating to raising the question for the first time in this court are not in point.

Some of the decisions relied upon with respect to waiver by the Government are cases arising in courts not bound by such statutory provisions as we are confronted with here with respect to sufficiency of pleading and amendment thereof and the others are not in point.

Appellant seems to argue, though not with much enthusiasm, that the Government should have cross-appealed in order to have raised this question, citing *R. C. Williams & Co., Inc.* v. *United States*, 26 C. C. P. A. (Customs) 210, C. A. D. 19. The *Williams* case is not pertinent. There the Government complained about the trial court admitting certain evidence. We held that to entitle the Government to raise that question it should have cross-appealed. Certainly that holding has no bearing on the instant issue.

In the interest of "orderly procedure," it is our view that if appellant wished to raise the issue it presents here it should have made it known to the collector or have taken advantage of said amendment statute and amended the protests accordingly. To hold otherwise would, we think, lead to confusion and uncertainty.

We therefore, for the reasons stated, must hold, and do hold, that the protests are insufficient to raise the question presented here. The protests were by the trial court properly overruled and its judgment is *affirmed*.