BEFORE THE THIRD DIVISION, MAY 11, 1961

**No. 65612.**—Garod Radio Corporation *v.* United States, protest 58/7238 (New York).

RICHARDSON, Judge: Certain radios and accessories were imported by plaintiff from Germany and entered at the port of New York. The merchandise was appraised at a value higher than the entered value, and a notice of appraisement, dated December 17, 1954 (plaintiff's exhibit 1), was sent to the plaintiff corporation informing it that the appraised value of the merchandise exceeded the entered value.

Under date of January 5, 1955, plaintiff sent to the collector of customs the following letter, which was admitted in evidence as plaintiff's exhibit 2:

Collector of Customs
Custom House
New York 4, New York

Dear Sir:

Re: Entry No. 730565
Dated 8–25–54
Per SS Havorn
Our Re: No. 4

We have your Notice of Appraisement, dated December 17th informing us that the goods had been appraised at a value exceeding the entered value.

We regret that these goods were appraised at a higher figure, but respectfully wish to state that the new assessed valuation is prohibitive and out of line with the information in your possession.

Therefore, we would appreciate that you review your records, as we firmly feel that the new increase should be cancelled.

We shall be glad to hear from you in connection with this matter.

Yours very truly,

Garod Radio Corporation

Ernest Nigaglioni
Export Manager

On March 30, 1955, the collector liquidated the entry covering the instant merchandise on the basis of the appraised values, with a resulting increase in duties in the sum of $2,909.30.

Subsequent to the liquidation, the plaintiff wrote to the collector a letter, dated April 7, 1955. At the request of counsel for plaintiff, this letter was recorded by the collector as a timely protest and was transmitted with the entry and accompanying papers to this court. The body of the letter, which was admitted in evidence as plaintiff's exhibit 3, reads as follows:

Re: Entry No. 730565
Your Re. No. 822556

We were surprised to receive your bill for $2,909.30 covering additional duties levied against the above entry.

Permit us to refer you to our letter of January 5th, in which we called your attention to the fact that the information received by you from the manufacturers in Germany was inaccurate as the merchandise was made in accordance with certain electrical and mechanical changes necessary to adapt it to the American market. Furthermore, it was made under our own trade name.

Consequently, it can readily be seen that they had no sales in Germany, as it had been adapted to meet our requirements. Not only that, it so happens that this particular shipment was not suitable for sale as this item did not come with the power pack as required.

Therefore, we respectfully request that this matter be reviewed and said duties cancelled. The above information was conveyed to the Appraiser when the first samples were received and when the shipments arrived.

On many occasions the German manufacturers were requested to discuss this matter with the American representative in Germany so as to give you directly the correct and proper information to enable you to assess the correct duties.

We feel that after you have given our request further consideration that you will recognize the merits of our request and that you will cancel your additional duties.

Under date of September 19, 1957, counsel for plaintiff wrote the collector of customs requesting that the letter of April 7, 1955 (plaintiff's exhibit 3), be treated as a protest, that the liquidation of March 30, 1955, be canceled as premature and void, and that the letter of January 5, 1955, be sent to this court as an appeal for reappraisement. By letter, dated November 27, 1957 (plaintiff's exhibit 4), counsel for plaintiff was advised by the collector that the letter con-

stituting plaintiff's exhibit 3 had been recorded as a timely protest. However, the collector refused to cancel the liquidation, stating that he intended to submit to the Customs Court for decision the question of whether the liquidation is void or voidable and the related issue as to the sufficiency of the protest.

Plaintiff contends that the liquidation of the involved entry on March 30, 1955, is absolutely null and void, for the reason that an appeal for reappraisement was pending at the time it was made. Plaintiff claims that the letter of January 5, 1955 (exhibit 2), constitutes a valid appeal for a reappraisement within the meaning of 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930), as amended, and that the collector of customs erred in not treating it as such. Plaintiff takes the position that if it is shown that the liquidation is null and void, it is not necessary to determine whether or not the protest is sufficient.

We find the position of the plaintiff with regard to the question of the sufficiency of the protest to be a novel one. Implicit in this contention is the theory that the illegality of a liquidation allegedly made during the pendency of an appeal to reappraisement may be raised at the trial, litigated, and ruled on by this court in a proceeding initiated by protest without regard to the sufficiency of the protest. Plaintiff has not directed our attention to any authority which supports this theory, and, in our opinion, it is untenable.

Plaintiff's letter of April 7, 1955, which plaintiff requested be considered a protest, does contain an objection to the additional duties levied against the involved entry, but contains no objection to the liquidation its counsel asked the collector to cancel as premature in a letter 2 years and 5 months later, September 19, 1957. The letter of September 19, 1957, though in evidence, cannot be construed as an amendment to the protest. The protest in its present posture does not afford the court jurisdiction to inquire into the sufficiency of the alleged appeal to reappraisement or the validity of the liquidation. Counsel cannot submit just any writing to the collector as a protest and later expect the court to rule on an issue not contained therein without amendment of the protest to include such issue. This is true even though it is conceivable that a ruling on an unraised issue could result in a dismissal of the protest as premature. The court in its ruling does not necessarily have to reach the conclusion that the liquidation is null and void and the protest is premature even when the issue is properly raised. The court must preserve conformity to statutory requirements. Otherwise, counsel might be tempted to write "Fire" or any other unrelated expression on a sheet of paper, file it with the collector within the time permitted for filing a protest; subsequently, request that it be forwarded to the court as a "protest," and, without further amendment, ask the court to pass upon various issues not properly raised.

A protest proceeding is purely statutory. See 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930). In such proceedings, the protest is the importer's pleading. *U. Fujita & Co. et al.* v. *United States*, 26 C.C.P.A. 63, 67, T.D. 49611. It is the instrument by which the jurisdiction of the court is invoked and it defines the issues for the court's consideration. The court may not determine an issue presented at the time of trial which is outside of the issues presented in the protest. *American Mail Line, Ltd.* v. *United States*, 34 C.C.P.A. 1, C.A.D. 335. This is in line with the well-established principle that a court may not enter judgment on a matter not contained within the pleadings. In the case of *United States* v. *E. H. Bailey & Co.*, 32 C.C.P.A. 89, 99, C.A.D. 291, the court pointed out that this rule "applies to all courts, even those of general jurisdiction, and covers instances where the court has the power to make the order in question if it is properly pleaded." The court stated that "Since this is true in courts of general jurisdiction, where the right of a litigant to sue is constitutionally safeguarded and the power of the court is inherent, it necessarily applies in the Customs Court where the protestant's sole right to appear is

given to him by statute, and the court's power to grant relief is circumscribed by the same authority."

If a protest is to be considered sufficient, it must conform to the requirements of section 1514, *supra*, which authorizes the filing thereof in writing, within a specified time, against certain decisions of the collector. The protest must set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto."

A protest need not be drawn with technical precision (*Herrman* v. *Robertson*, 152 U.S. 521) nor be in a special form (*United States* v. *M. Rice & Company*, 257 U.S. 536) in order to respond to the requirements of this section. However, it must be distinct and specific enough to show that the objection taken at the hearing or trial was in the mind of the importer at the time the protest was filed. *Arthur* v. *Morgan*, 112 U.S. 495; *American Mail Line, Ltd.* v. *United States, supra.* Construing the language of the instant protest with the utmost liberality, we are unable to find anything therein to show that the plaintiff had in mind the objection urged at the trial, that is, that the liquidation is null and void because made during the pendency of an appeal for reappraisement. The protest, in substance, expresses surprise at the assessment of the additional duties on the involved merchandise, in view of certain information pertaining to value which plaintiff states was imparted to the collector in a letter of January 5, 1955, and which had been conveyed to the appraiser when the first samples of the merchandise were received and when the shipments arrived.

Hence, the protest is insufficient not only because it fails to embrace the issue presented at the trial, but also for the reason that the issues raised thereby appear to relate solely to value. A party may not by protest express dissatisfaction with the valuation of merchandise. *P & P Industries* v. *United States*, 40 Cust. Ct. 598, Abstract 62066.

For the reasons stated, the protest is dismissed without prejudice to proceed in a manner consistent with this opinion and with established precedent. Judgment will be entered accordingly.

DISSENTING OPINION

DONLON, Judge: There appears to be a continuing difference of opinion in this division as to the jurisdiction of the court in a protest proceeding, such as this, which challenges the validity of the appraisement on which the collector relied in making his liquidation. Earlier, the difference of opinion was expressed in *J. V. Whitaker, etc.* v. *United States*, 43 Cust. Ct. 437, Abstract 63621.

A protest may, of course, meet the requirements of section 514, even though it is not drawn with technical precision, provided it clearly shows the grounds of the protest. Here, we have a letter of April 7, 1955, which refers, so explicitly as practically to constitute incorporation by reference, to a prior letter (January 5, 1955) from plaintiff to the collector. My colleagues find that the letter of April 7, 1955, is a protest. I concur.

It is not entirely clear whether they find that the letter of January 5, 1955, is an appeal to reappraisement. I find that it is.

As in the case of the protest, the appeal to reappraisement (letter of January 5, 1955) is a layman's document, not technically drafted. As in the case of the protest, this lack of technical precision is not a fatal defect. Indeed, the statute affords greater latitude for inexactness in appeals to reappraisement, than is afforded in protests. It is not even required that an appeal to reappraisement shall state the grounds on which appraisement is challenged.

Concurring with my colleagues that the letter of April 7, 1955, is a protest, I find that the protest raises the issue that there was still pending, at the time of liquidation, the issue as to appraisement raised by plaintiff's letter of January 5, 1955.

I do not deem it necessary that the protest shall pray, with technical precision, that the court shall comply with section 2636 of the Judicial Code.

Here, the protest, in language that is not susceptible of misunderstanding, raises the issue that the valuation issue, which was raised in the letter of January 5, 1955, had not been disposed of at the time of liquidation. Defendant does not challenge the fact that this appeal was pending, undecided. The letter of January 5, 1955, asked reconsideration of valuation. That constitutes an appeal to reappraisment. The liquidation, therefore, is void, and we should proceed as section 2636, *supra*, directs us to proceed.

The purpose of the Customs Administrative Act of 1938, of which section 2636(d) of the Judicial Code is a part, was to simplify customs administration. One such simplification was the elimination of the multiplicity of actions in such cases as this, by giving to this court continuing jurisdiction in a protest proceeding to resolve a value issue, such as is here presented.

The appraisment was invalid, because an appeal was pending. The liquidation is void. The matter should be remanded to a single judge, sitting in reappraisement, to determine value.