(C.D. 2341)

INTERNATIONAL GENERAL ELECTRIC CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 14, 1962)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff. *William H. Orrick, Jr.*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring

JOHNSON, Judge: The merchandise involved in this case is described on the invoice as uraniumoxid and zircalloy–2. It was entered as radioactive material (uraniumoxid-zircalloy), free of duty under paragraph 1749 of the Tariff Act of 1930. It was assessed with duty at 15 per centum ad valorem under paragraph 214 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as articles of earthy mineral substances, not decorated. The protest states that the merchandise was imported for the purpose of having certain tests made and describes it as follows:

* * * This material was in pellet form and in order to maintain the integrity of these pellets they were loaded into Zircalloy tubes. There are 14 such tubes which will be assembled, by General Electric into two fuel elements and after pre-text [*sic*] examination will be irradiated in our reactor. * * *

\* \* \* \* \* \* \*

In view of the above we respectfully request that you recall entry for reliquidation to permit free entry uraniumoxide pellets having a value of $3,864.00 under paragraph 1792 and return dutiable the containers of this shipment the zurcalloy [*sic*] tubes valued at $200.00 under paragraph 214 at 15% ad valorem.

At the trial, counsel for the plaintiff stated that it was plaintiff's contention that the merchandise was free of duty as uranium oxide under paragraph 1792 of the tariff act. It was stipulated by counsel for the respective parties:

* * * that the merchandise consists of uraniumoxide enclosed in sealed zircalloy tubes, and that the component material of chief value is the uraniumoxide.

No testimony or other evidence was presented.

The pertinent provisions of the Tariff Act of 1930 and said tariff act, as modified, are as follows:

[PAR. 214, as modified by the General Agreement on Tariffs and Trade, T.D. 51802.] Earthy or mineral substances wholly or partly manufactured and

articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not (except * * *):

If not decorated in any manner:

\* \* \* \* \* \* \*

    Other_____ 15% ad val.

PAR. 1792. Uranium, oxide and salts of. [Free.]

On the record presented, plaintiff claims that the merchandise consists of uranium oxide contained in zircalloy tubes; that the uranium oxide is free of duty under paragraph 1792, *supra*; and that the tubes are the usual containers for uranium oxide and are also free of duty.

Defendant contends, however, that the merchandise is an article of commerce consisting of sealed tubes of uranium oxide and not uranium oxide in a container; that the collector properly classified it as an earthy mineral substance wholly or partly manufactured into an article composed in chief value of uranium oxide; and that the plaintiff has failed to prove that the zircalloy tubes are containers of the merchandise and not a part of the merchandise itself.

The protest claims that the uranium oxide is free of duty under paragraph 1792 and that the tubes are dutiable under paragraph 214. Plaintiff states, in its brief, however, that there is nothing in the record to support the latter claim, but it is contended that the tubes are free of duty as usual containers of uranium oxide.

The first question to be considered is whether or not the protest is sufficient to raise the issue that the tubes are free of duty, since issues not embraced by a protest are not before the court for consideration. *American Mail Line, Ltd.* v. *United States*, 34 C.C.P.A. (Customs) 1, C.A.D. 335; *Larzelere & Co.* v. *United States*, 8 Ct. Cust. Appls. 64, T.D. 37198; *United States* v. *Jacobson & Sons Co.*, 10 Ct. Cust. Appls. 191, T.D. 38551; *United States* v. *Globe Shipping Co., Inc.*, 19 C.C.P.A. (Customs) 148, T.D. 45262; *Lansen-Naeve Corp.* v. *United States*, 37 Cust. Ct. 91, C.D. 1803; *J. W. Hampton, Jr., & Co., Inc.* v. *United States*, 37 Cust. Ct. 425, Abstract 60376.

In *American Mail Line, Ltd.* v. *United States, supra*, it was claimed in the protests that certain items of ships' equipment and repairs were not such items as were subject to duty under section 466 of the Tariff Act of 1930. At the trial, evidence was presented and the argument made that the vessel was not one documented under the laws of the United States to engage in the foreign or coasting trade and, thus, was not the character of ship for which repairs and equipment were made dutiable by section 466. The court held that while the protests may have been sufficient to have invoked the jurisdiction of the trial court to decide the case, the issue presented at the time of the trial was outside of the questions raised in the protests; that if

appellant had wished to base a claim on the documentation of the vessel, it should have amended the protests accordingly; that the protests were insufficient for that purpose and were properly overruled.

In *Larzelere & Co.* v. *United States, supra,* the protests claimed that the merchandise was free of duty under paragraph 479 of the Tariff Act of 1913 as a crude artificial abrasive. The testimony showed that the merchandise was, in fact, an artificial corundum, also free of duty under said paragraph. The court held, however, that the protests were insufficient to raise that claim, stating (p. 67):

The infirmity in the present protests is that while both of them point out the paragraph under which a more general claim might perhaps be made, they go further and direct the attention of the collector to a distinct claim, namely, that this importation is dutiable as a crude artificial abrasive. This excludes the idea that it is dutiable as corundum. When the collector examines that importation and finds that the article is not in fact a crude artificial abrasive, the protest is sufficiently answered, and there is no reason for reliquidation. The essential, minute description of these goods is that they constitute a crude artificial abrasive. The claim that they are dutiable as corundum in the form in which this importation appears is not only not included in this protest *but is wholly inconsistent therewith.* [Italics quoted.]

*Lansen-Naeve Corp.* v. *United States, supra,* involved certain typewritten file cards, which were claimed to be free of duty as manuscripts. The court found that the faces of the cards were manuscripts, but that, since there was attached to the reverse side of each card a photostat of certain printed material, the cards could not be considered manuscripts. An argument was made in the brief that the cards and photostats were separate tariff entities, the one being manuscripts, the other, photographs. The court held that since there was no claim in the protest for separate tariff treatment of separate tariff entities, that issue was not before the court to resolve.

In the instant case, there is no claim in the protest that the tubes are the usual containers of uranium oxide and are, therefore, free of duty. On the contrary, it is specifically claimed that the tubes are containers, dutiable under paragraph 214, *supra.* This indicates that the protestant believed them to be unusual containers subject to duty by reason of section 504 of the Tariff Act of 1930. Thus, the claim made in the protest and the one now presented are inconsistent. Since the protest has not been amended to include the latter claim, it is not proper for the court to attempt to decide that issue.

The next question is whether the claim which was made in the protest may be sustained on the record presented. The issue to be determined is whether the imported merchandise consists of uranium oxide in containers or is a distinct article composed wholly or in chief value of an earthy or mineral substance. It was stipulated "that the merchandise consists of uraniumoxide enclosed in sealed zircalloy

tubes, and that the component material of chief value is the uranium-oxide." Plaintiff interprets this statement to mean that the merchandise is uranium oxide in containers. Defendant claims, however, that the words in the statement do not lead to that conclusion.

In support of its contention that the merchandise is other than uranium oxide in containers, defendant points out that neither the examiner nor the collector separated the contents from the tubes, but described the merchandise as articles of earthy mineral substances. Defendant also relies upon the statement in the protest, quoted above, that there are 14 such tubes which will be assembled into fuel elements and irradiated. While this statement is not evidence, it may be an admission against interest, to the effect that the tubes and contents are one article of commerce. *United States* v. *Shing Shun & Co.*, 2 Ct. Cust. Appls. 388, T.D. 32113. Although the protest refers to the merchandise as uranium oxide pellets, and plaintiff relies upon a Treasury Department ruling covering sintered uranium oxide pellets (T.D. 54891(12)), it was not stipulated that the uranium oxide involved herein was in pellet form. On the contrary, the statement in the stipulation, that uranium oxide is the *component* material of chief value, is an indication that the merchandise may be a single entity.

On this state of the record, and in view of the different interpretations put upon the stipulation by the parties, it is not possible for the court to determine whether the imported merchandise was, in fact, uranium oxide pellets in containers or a single article, consisting of sealed tubes of uranium oxide, in chief value of earthy or mineral substances, the parts of which have been subordinated in the creation of a combined entity. The record presented is not sufficient to overcome the presumption of correctness attaching to the collector's classification of the merchandise as articles of earthy or mineral substances, not decorated, subject to duty at 15 per centum ad valorem under paragraph 214 of the Tariff Act of 1930, as modified.

The protest is overruled and judgment will be rendered for the defendant.

### CONCURRING OPINION

DONLON, Judge: As the majority opinion states, the protest claim here is for separate dutiable status of the uranium oxide (duty free) and the zircalloy containers (dutiable) in which the uranium oxide was imported. Congress undoubtedly knew that radioactive material commonly requires containment, both to minimize deterioration and to protect against radiation hazards in handling. These are facts of common knowledge of which the court, too, is not unaware. Indeed, the protest claim appears to concede that these zircalloy tubes are such unusual containers as section 504 contemplates.

However, plaintiff cannot get the judgment it seeks because there have not been established separate appraised values for the merchandise that is duty free and that which is dutiable.

The uranium oxide and zircalloy containers were entered as an entity. They were so appraised. There was no appeal for separate appraisement. There is no protest claim that unitary appraisement was invalid.

For the reasons stated, I concur in the result reached by the majority.