(C. D. 248)

TI HANG LUNG & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 9, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; KEEFE, J., not participating.

CLINE, Judge: This is a suit against the United States, arising at the port of San Francisco. It is claimed in the protest that certain packing charges are not dutiable inasmuch as the invoice was returned by the appraiser as entered, and, further, that a penalty for undervaluation should not have been assessed on the packing charges which were omitted from the entered value due to a clerical error. Prior to the trial of the case the protest was amended to include the claim that "The liquidation is void because no notice of appraisement was issued."

When the case was called for trial the claim in the amendment was the only one that was relied upon, and counsel for the respective parties stipulated in open court that no notice of advance in value on appraisement, as required by section 501 of the Tariff Act of 1930, was issued by the collector.

The plaintiffs urge in their brief that the liquidation be set aside as void so that the plaintiffs may have an opportunity to pursue an appropriate remedy for relief, such as an appeal for a reappraisement or a petition for remission.

In the case of *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561, and in the case of *Peabody* v. *United States*, 12 Ct. Cust. Appls., 354 T. D. 40491, the appellate court held that where the appraiser has advanced the value of merchandise, appraisement is not complete until a notice of the appraisement has been mailed to the importer. In the latter case the court said:

It is true that the actual decision of the appraiser was made when he filed his report with the collector. It was an appraisement in fact, but the statute requires something more than the actual appraisal of the merchandise and the filing of a report thereof with the collector. Notice in writing thereof must be delivered to or mailed to the consignee, or his agent, before such appraisement becomes a legal appraisement.

It seems clear that the importer could not be required to file a petition for remission of additional duties until it had been legally determined that the Government was entitled to the same.

Until the statute is complied with there is nothing upon which to predicate an assessment of additional duties, no decision from which the importer need appeal, and consequently he is in need of no relief for which to petition the Board of General Appraisers.

Since the collector never sent the importers a notice of the advance in value of the merchandise in this case, the appraisement is not yet complete. Accordingly, we hold that the liquidation is premature and void because the collector cannot legally liquidate an entry until 60 days after final appraisement, citing *United States* v. *Boston Paper Board Co.*, 23 C. C. P. A. 372, T. D. 48233. The liquidation is set aside so that the appraisement may be completed. Judgment will be entered in favor of the plaintiffs to this extent. All other claims are overruled.