(C. D. 1178)

ALFRED DUNHILL OF LONDON, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 16, 1949)

*John D. Rode* for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: In this case the plaintiff imported a number of briar pipes and tobacco from England. The merchandise, covered by two invoices, was entered on a so-called duress entry, at the port of New York. As to one of the invoices, which we will designate No. 1, the regular notice of appraisement was issued (section 17.6 (*b*), Customs Regulations of 1943). The importer appealed to reappraisement and a decision was rendered by this court in which it was held that the item of British purchase tax was not a part of the dutiable value. Pursuant to that decision, the collector liquidated on the entered value, less the amount added under duress, to meet advances by the appraiser in similar cases then pending on appeal for reappraisement.

As to the second invoice, no allowance was made in liquidation for the amount added under duress and it is against this action that the importer has filed the instant protest, claiming that no notice of appraisement was given as required by section 501 of the Tariff Act of 1930 and the regulations promulgated thereunder. In its pleadings plaintiff contends that the liquidation should be cancelled and notice of appraisement on invoice No. 2 given in order that complete final appraisement may be made on which a legal liquidation may be based.

It is conceded on the part of the Government that under the circumstances of this case a written notice of appraisement was required to be sent by the collector as to each of the invoices covered by the

entry. The Government contends, however, that the collector placed a notice in the mails, properly addressed to the importer, and that, therefore, he did all that was required of him under said section 501.

The comptroller of the plaintiff corporation testified on behalf of the plaintiff that in the usual course of business the original notice of appraisement is received by his firm and that the customs broker also receives a copy. Said original notice is held by the importer in its current file, awaiting receipt from the broker of the duplicate, together with a form of appeal for reappraisement. When the appeal is received from the broker, it is signed by an officer of the plaintiff corporation and then returned to the broker for filing with the customs. The original notice is then destroyed. In the instant case, the witness testified, the files did not show any notices. He stated that when he received a notice of appraisement and the time to appeal began to run, he would pursue the matter by communicating with the broker, in order to ensure that an appeal was filed.

This witness personally handled all the appeals involving this issue and was aware of the importance and necessity of filing such appeals, and while a great many were filed by the plaintiff corporation, there was never (unless the instant case was an exception) any failure to file such appeal.

On cross-examination he stated that once he received notice of appraisement it would remain in his files until an appeal was filed. To summarize, this witness testified that the absence of a notice of appraisement in his file meant either (1) that no notice was received or (2) that it was received and destroyed when the appeal form was signed and returned to the broker.

An employee of the customs broker who made entry in this case testified that in the usual course of business his firm receives a copy of the notice of appraisement which is placed in its box at the customhouse. When such a notice is received, the broker makes out an appeal to reappraisement and sends it to the importer for signature. This procedure was followed in the case of invoice No. 1. As to invoice No. 2, the witness stated that his records show that no appeal was filed but that he had no present recollection as to whether or not a notice of appraisement had been received.

Copies of notices of appraisement on both invoices were received in evidence.

The Government introduced the testimony of Mr. Crane, a clerk in the liquidating division of the customhouse, who was in charge of sending out notices of appraisement to importers. He stated that he prepared a notice in the case of invoice No. 2 (exhibit A), and that he was able to identify the same because his initial appears in type-

writing in the lower right-hand corner of said notice; that he personally prepared an original and three copies of this notice and that the type-writing thereon was performed by himself. His testimony was that he placed all four papers on the desk of his superior, the clerk in charge of the invoice and delivery section, for his signature; that said clerk signs the original and one other copy and then returns the four to Mr. Crane for distribution and mailing; that he personally mailed the original to the plaintiff herein and that the signed copy he delivered to the box provided in the customhouse for the Globe Shipping Co., the customs brokerage firm acting for the plaintiff. As to the two remaining copies, he pasted one on the summary sheet to which it applied and the other he turned over to the reappraisement desk of the invoice and delivery section. He stated that after having en-closed the notice of appraisement in a properly addressed envelope, he took it down to the post office located in the customhouse and placed it in the letter box window, together with other notices which he had prepared, which were bunched together with a rubber band around them. The envelope, which he had addressed himself, con-tained a return address. In cases where such envelopes might be returned for faulty address, he stated it was the custom for them always to be returned to his desk. This particular notice was never returned to his desk. The witness makes a record of these notices in a book kept for that purpose, and under date of August 10, 1942, said book contains an entry covering the notice of appraisement in dispute. Photographic copies of page 172 of said book were received in evidence and marked exhibit C. The witness stated further that after he made the particular entries in the book in question he checked them with the copies of the notice which had been returned to him after signature had been affixed and that he mailed the notices on the same date upon which he had prepared and checked them. He also made a record under date of August 3, 1942, of the notice covering invoice No. 1, which appears in exhibit C, above referred to.

On cross-examination this witness stated, in answer to a question, that he had no present recollection of sending out this particular notice of appraisement, but that no one else was doing that work at that time. Counsel for the plaintiff called the attention of the wit-ness to a figure "1" in ink which appears after the typewritten entry number on exhibit B (notice of appraisement covering invoice No. 1, which was received by the importer). The witness stated that he believed this number was not on the notice when he mailed it, but that he did not know. It was also brought out on cross-examination that a similar mark in pencil, a number sign followed by the numeral "2" appearing on the notice covering invoice No. 2, was not placed there by this witness.

We therefore have testimony on behalf of the plaintiff that according to the records kept by it there was no evidence that this notice had ever been received. The testimony of the broker's clerk shows that the broker's records indicate that as to invoice No. 1 an appeal was taken in the usual course, but that no appeal was filed on invoice No. 2. However, there is no evidence in the book listing appeals filed that the entry here involved covered more than one invoice, although another record, i. e., the office copy of the customs entry, shows that fact.

On the part of the Government the evidence discloses that the official Government records show a written notice of appraisement relating to invoice No. 2 was prepared in the usual manner and mailed to the plaintiff and that such notice was not returned to the sender.

None of the witnesses was able to state his own recollection of the exact events. Most of the testimony was based upon records and practices in effect at the time the incidents took place. The testimony may be summarized as follows: The records of the plaintiff show that the notice of appraisement was not received, whereas the Government records show that the same was mailed. The plaintiff herein, having the burden of proof, is required at the outset to give competent evidence of the truth of its averments. This it has done. The defendant, assuming the burden of going forward with evidence, countered with testimony that it had performed all the acts necessary to advise plaintiff of the appraisement. But, as stated above, the testimony on both sides was based upon records rather than on exact recollections of the events themselves and gives almost equal support to inconsistent inferences.

Upon this state of the record we think the ends of justice will best be served by a finding that the plaintiff failed to receive a notice of appraisement as contemplated by the statute and was therefore deprived of its right of appeal. While we do not mean to be understood as holding that the statute requires that the collector must ensure that the notice of appraisement reach the importer or his agent, the circumstances of this case raise a reasonable doubt as to whether the notice, through no fault or neglect on the part of the customs officials, ever reached the importer.

We therefore hold that the appraisement was incomplete, that the liquidation based thereon is premature, and that a proper notice of appraisement should be sent to the plaintiff so that the appraisement may be completed and plaintiff be given an opportunity, if it so desires, to file an appeal for reappraisement. *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561, and *Peabody & Co.* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491.

Judgment will be rendered for the plaintiff in conformity with the above holding.