No. 67216.—S. P. Eisner & Co. et al. *v.* United States, protests 60/28176, etc. (New York).

· Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of miniature pocketknives similar in all material respects to those the subject of Abstract 65737, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 27, 1962

No. 67217.—Nagara Trading Co., Inc. *v.* United States, protests 61/8874, 61/8875, and 61/9008 (Los Angeles).

Opinion by RICHARDSON, J. In accordance with oral stipulation of counsel that said section 501 was not complied with by the collector, in that no notice of appraisement had been issued, the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U.S.C. § 2636(d)). *United States* v. *James H. Rhodes & Co.* (40 CCPA 1, C.A.D. 488), followed.

No. 67218.—Hudson Shipping Co., Inc. *v.* United States, protest 59/20316 (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the corrected invoice, designated as exhibit 1, reflects that the proper value for the merchandise upon which duties should be assessed is $490.48, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 28, 1962

No. 67219.—Metropolitan Metal Sponge Mfg. Co. et al. *v.* United States, protests 59/27256, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiffs was sustained.