(R.D. 11655)

Tʜᴇ Nᴇᴡ Hᴏᴍᴇ Sᴇᴡɪɴɢ Mᴀᴄʜɪɴᴇ Co. *v*. Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs

Entry No. C 41387.

(Dated March 31, 1969)

*Glad & Tuttle* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Fᴏʀᴅ, Judge: The facts in the above entitled matter are as follows:

1. The merchandise was examined and released on May 9, 1966.
2. A request for notice of appraisement was filed on May 9, 1966.
3. Notice of appraisement was issued on August 2, 1967.
4. Appeal for reappraisement was filed on August 3, 1967.
5. Statement on Consumption Entry "Appraised and Liquidated as Entered" on August 11, 1967, Frank E. Randa, District Director.

Based upon the information contained in number 5, *supra*, defendant contends the notice of appraisement issued on August 2, 1967, was premature, i.e., appraisement not having occurred until August 11, 1967. Therefore, the memorandum urges dismissal of the appeal for the purpose of the issuance of a proper notice of appraisal. Since there does not appear to be any other indication of another date of appraisal on the "Summary of Examination and Appraisement" sheet, I agree that the notice of appraisement was prematurely issued and hence the appeal for reappraisement involved herein is premature and should be dismissed. Since the error was on the part of the appraiser, and in order to prevent any undue advantage of the situation, the issuance of a new notice of appraisement appears to be in order so as to permit a timely filing of an appeal for reappraisement by plaintiff. Therefore, in order to complete the appraisement, a notice of appraisement as requested should be issued. *Alfred Dunhill of London, Inc.* v. *United States*, 22 Cust. Ct. 209, C.D. 1178

It is to be observed however that the legend on the Consumption Entry in addition to appraisement refers to liquidation as of the same date, i.e., 8/11/67. From a reading of sections 501 and 503 of the Tariff Act of 1930, it is apparent that any liquidation made before the appraisement becomes final under the above sections is premature, illegal, null and void. In the case of *Biddle Purchasing Co., Universal Light Co.* v. *United States*, 69 Treas. Dec. 880, T.D. 48320, the court so held making the following observation:

> * * * In effect plaintiffs claim that the liquidations were premature because made prior to final appraisement, or within the

sixty days allowed the collector to appeal from the action of the appraiser. Admittedly, liquidation would not be legal until the expiration of sixty days after the date of the appraiser's report, as section 501 of the act of 1930 in clear and unequivocal terms provides—

> * * * The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, * * *.

This gives to the collector sixty days after the date of the appraiser's report in which to take an appeal if he is dissatisfied with the judgment of the appraiser. Pending this period of sixty days, under section 503 of the same act, which provides that the duty shall be based on either the entered value or final appraised value, "whichever is higher", the appraisement does not become final; and, as provided in (c) of the same section—

> * * * For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall * * * be taken to be the value of the merchandise.

It was only after sixty days from the date of the appraiser's report that the appraised value became final. Any liquidation made prior to the time when the appraisement becomes final is void and without any force or effect. Such has been the holding of this court and the appellate court.

In view of the foregoing the liquidation was improperly made and is therefore void.