**NATIONAL SILVER CO.**

v.

**UNITED STATES.**

C.D. 4283; Protest Nos. 67/83135–99197 against the decision of the district director of customs at the port of Los Angeles.

United States Customs Court,
Third Division.

Oct. 14, 1971.

Stein & Shostak, Los Angeles, Cal. (S. Richard Shostak, Los Angeles, Cal., of counsel), for plaintiff.

L. Patrick Gray, III, Asst. Atty. Gen. (Mollie Strum, Trial Atty., New York City), for defendant.

Before RICHARDSON, LANDIS, and FORD, Judges.

LANDIS, Judge:

This protest involves the importation of butane gas lighters from Japan which were classified by Customs at the port of Los Angeles, Calif., under TSUS item 688.40 (electrical articles, etc., n. s. p. f.) at 11.5 per centum ad valorem.

The original protest herein related to three entries and was directed to the refusal of Customs to reliquidate the same for clerical error or mistake of fact under section 520(c) (1) of the Tariff Act of 1930, as amended, on the basis of defective merchandise imported. However, at the trial plaintiff moved orally to amend its protest (to which defendant stated in open court it had no objection) to claim the liquidation by Customs on June 20, 1966 was null and void because it was made less than sixty days from the date of appraisement, as appears from the following colloquy:

MR. SHOSTAK: Your Honor, prior to submitting the case, with respect to entry 280316, of 6/20/66, in which it was stipulated appraisement was August 15, 1966, and the date liquidated was September 19, 1966, we move to orally amend the protest with respect to this entry, to claim that the liquidation was null and void because it was less than 60 days from the date of appraisement, and we will support this in our brief.

\*   \*   \*   \*   \*   \*

MISS STRUM: The dates are correct. Since the motion relates to the merchandise at bar, there is no objection to the motion to amend. However, we believe that in the brief we can argue this question of law. [R. 32.]

Plaintiff has now with the filing of its brief abandoned all of its claims save and except as to the claim in its proposed amendment that the liquidation of entry 280316 was null and void because it took place less than sixty days after the date of appraisement. Although no disposition of the motion to amend was made at the trial by the trial judge, the defendant having stated it had no objection thereto, and the same appearing to be authorized, the motion to amend is now granted by the court.

It has been stipulated by the parties that the merchandise which is the subject of the amended protest was appraised on August 15, 1966, was liquidated on September 19, 1966 and the protest was filed on October 20, 1967.

Plaintiff's sole contention is that the liquidation of entry 280316 by Customs on September 19, 1966 took place less than sixty days after the appraisement and before it became final and, therefore, was premature and void and without any force and effect. It is the Government's contention, however, that the liquidation herein made more than thirty days after appraisement but less than sixty days thereafter, is valid, the importer not having exercised its right to appeal within the thirty days permitted by statute.

The applicable tariff provisions in this case are sections 501, 503 and 514 of the Tariff Act of 1930, as amended (sections 1501, 1503 and 1514 of 19 U.S.C.A.) viz:

Sec. 501. Notice of appraisement—reappraisement.

\* \* \* The decision of the appraiser, *including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report,* \* \* \*.

Sec. 503. Dutiable value.

\*   \*   \*   \*   \*   \*

(b) For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall \* \* \* be taken to be the value of the merchandise.

Sec. 514. Protest against collector's decisions.

\* \* \* all decisions of the collector, including the legality of all orders

and findings entering into the same, as to the rate and amount of duties chargeable, * * * and his liquidation or reliquidation of any entry, * * * or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Plaintiff contends the instant case is controlled by the decision in The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969), but an examination of that case reveals that an appeal to reappraisement therein was taken prior to the liquidation. It is true that, through no fault of the importer, the appeal to reappraisement was taken prematurely prior to appraisement as Customs prematurely, and prior to appraisement, had given the importer notice that the appraisement had already been made when in fact it had not. The court dismissed the appeal to reappraisement for the reason that it was premature. In our opinion, however, the appeal to reappraisement while premature was sufficient to void any liquidation made prior to the date the appeal was disposed of in this court. As was recently stated by Chief Judge Rao in a decision of the Second Division of this court in John V. Carr & Sons, Inc. v. United States, 66 Cust.Ct. 316, C.D. 4209, 326 F.Supp. 973 (1971):

Obviously, if a timely appeal for reappraisement had been filed, the liquidation herein would have been rendered void. That is the situation which existed in a number of cases where the court has stated that the liquidation is void or that the collector has no power to liquidate while an appeal for reappraisement is pending. Stubbs v. United States, 7 Ct.Cust. Appls. 399, T.D. 36967 (1917); United States v. Boston Paper Board Co. [23 CCPA 372, T.D. 48233 (1936)], *supra*; Lawrence Groom & Co. v. United States [64 Treas.Dec. 119, T.D. 46559 (1933)], *supra*; The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). See also United States v. European Trading Co., 26 CCPA 103, C.A.D. 1 (1938), where liquidation took place before the time to appeal from a decision of the Customs Court to the Court of Customs and Patent Appeals had expired.

While the word "void" has been applied to the liquidations in some of the decisions, that term is often used to signify various shades of infirmity from absolutely void for all purposes to merely voidable. Joseph Fischer v. United States, 38 CCPA 143, 150, C.A. D. 452 (1951). In that case the court found it significant that prior decisions had held that insufficient designation of packages to be examined rendered an appraisement null and void rather than void *ab initio*. It concluded that the action of the collector in failing to designate the prescribed number of packages "may be characterized as an act which he was empowered to perform but which he performed in an improper manner." It was held that such act, not being void in an absolute sense, did not vitiate the jurisdiction of the court in a reappraisement case.

In the instant case the district director was empowered to liquidate the

entry on the basis of the appraised value (absent a timely appeal for reappraisement on a finding of value by the Customs Court or the Court of Customs and Patent Appeals). This he did—the only alleged infirmity being that he did it prior to the expiration of the time during which an appeal might have been filed. The liquidation could have been voided by the filing of a timely appeal by either party. Since in this case none was filed, and the rights of neither party have been prejudiced, the liquidation remains valid.

While it has been customary until recent years to withhold liquidation until the period for appeal has expired, there appears to be no legislative policy in the public interest requiring it. In fact, at the present time there are reasons for the newer procedures.

The *Carr* case decided by the Second Division of this court has been followed by the First Division of this court in Bradlow, Inc. v. United States, 66 Cust. Ct. 333, C.D. 4211 (1971).

■ It is interesting to note that the Third Division in an opinion written by Judge Richardson in Garod Radio Corporation v. United States, 46 Cust.Ct. 473, Abstract 65612 (one judge dissenting), handed down in 1961 while it refrained from expressing any opinion as to whether the liquidation was void or voidable when made during the pendency of an appeal to reappraisement (although there could be no doubt of this under John V. Carr & Sons, Inc. v. United States and Bradlow, Inc. v. United States, *supra*), nevertheless disposed of the case in a manner inconsistent with the liquidation being void. This follows from the holding that the court would not consider plaintiff's protest claiming the liquidation to be void because it could find nothing to show that plaintiff's ground

of invalidity asserted at trial, viz: that the liquidation was made during pendency of appeal for reappraisement had been in the plaintiff's mind at the time the protest was filed.[1] Had the liquidation been considered void by the court, as urged by plaintiff at the time of trial, the fact this was not shown to be in plaintiff's mind when the protest was filed would have been irrelevant for it is well settled that a void act or judgment may be attacked in any judicial tribunal, in any other cause, at any time the question arises. Cf. United States v. Robinson & Co., 12 Ct.Cust.Appls. 145, 154, 155, T.D. 40062 (1924); Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 460, 21 L.Ed. 897 (1874); Lincoln v. Tower, 15 Fed.Cas. 544, No. 8355, 2 McLean 473 (C.C.D.Ill.1841); Moore v. Town Council of Edgefield, 32 F. 498 (1887).

■ In the case at bar, the liquidation having taken place less than sixty days after the appraisement and it being our conclusion in view of the foregoing discussion that the liquidation, therefore, was voidable when made, and it appearing that the same was not voided by the filing of a timely appeal for reappraisement by either party, the liquidation is held to be valid.

Protest dismissed.

FORD, J., concurring.

RICHARDSON, Judge (dissenting).

I dissent from the majority in this protest because the liquidation was not based on a "final appraisement."

This is a 1967 protest, and, according to Title I, Section 122 of The Customs Courts Act of 1970, and Rule 14.9(b) (1) of the Rules of the Customs Court, it is governed by the law in effect prior to October 1, 1970. The liquidation in this protest is premature and void. The law in effect prior to October 1, 1970 as de-

---

1. Compare the holding in the original Pistorino & Co., Inc. v. United States, 65 Cust.Ct. 387, C.D. 4110 (1970), decision which *sua sponte* held a liquidation void on a ground which was not in the importer's mind at the time the protest was filed, or any time thereafter. However, the original decision in *Pistorino* has been set aside on rehearing, Pistorino & Co., Inc. v. United States, 67 Cust.Ct., C.D. 4281 (1971).

clared by the Court of Customs and Patent Appeals, and by this court in an unbroken chain of decisions, is that a liquidation of an entry prior to the expiration of the 60 days after appraisement in which the collector or district director might appeal for reappraisement is not upon a "final appraised value," is premature and void, and a protest against such liquidation must be dismissed as premature. United States v. Boston Paper Board Co., 23 CCPA 372, T.D. 48233 (1936). See also: Lawrence Groom & Co. v. United States, 64 Treas.Dec. 119, T.D. 46559 (1933), Biddle Purchasing Co. et al. v. United States, 69 Treas. Dec. 880, T.D. 48320 (1936), Ti Hang Lung & Co. v. United States, 3 Cust.Ct. 268, C.D. 248 (1939), and The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). There can be no "final appraised value" until either the right of appeal has been exhausted, or the statute of limitations has run against such appeal. Only then can there be a legal liquidation.

The majority in following the Second Division in the case of John V. Carr & Sons, Inc. v. United States, 66 Cust.Ct. 316, C.D. 4209, 326 F.Supp. 973 (April 29, 1971), takes the position that the Court of Customs and Patent Appeals, and this court, prior to April 29, 1971, in using the word "void" to characterize a liquidation made prior to the expiration of the 60 days allowed for an appeal for reappraisement didn't really mean "void" but meant "voidable"; that it is legally wrong for the district director to liquidate prior to the expiration of the 60 days within which he may appeal, but his illegal act is merely "voidable," and the blemish of illegality in not waiting for a "final appraisement" before liquidating is automatically wiped off by the expiration of the 60 days without the district director filing an appeal for reappraisement.

Judge Ford, who has been assigned to participate in this case, wrote the opinion in The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969), cited above, in which

he quoted extensively from the *Biddle* case, *supra*, in support of his conclusion that "any liquidation made before the appraisement becomes final under the above sections [501 and 503 of the Tariff Act of 1930] is premature, illegal, null and void." After quoting from the *Biddle* case, he stated "In view of the foregoing the liquidation was improperly made and is therefore void."

Judge Ford also concurred in the *Carr* case which makes the incidence of a post-liquidation appeal for reappraisement the controlling consideration as to whether a liquidation made within sixty days of an appraisement is to be judged void or merely voidable. I cannot reconcile Judge Ford's concurrence in this view in *Carr* with his earlier and contrary view on the same subject in The New Home Sewing Machine Co. v. United States, *supra*. In *The New Home Sewing Machine Co.* case both appraisement and liquidation occurred on the same day, and no appeal for reappraisement was filed subsequent to the premature liquidation. But the absence of such an appeal in that case did not deter Judge Ford from ruling that the premature liquidation was "illegal, null and void."

The majority opinion states that an examination of *The New Home Sewing Machine Co.* case "reveals that an appeal to reappraisement was taken prior to liquidation." There was a premature appeal for reappraisement filed August 3, 1967, before the appraisement actually occurred August 11, 1967, and Judge Ford dismissed that appeal for reappraisement as premature and ordered a new notice of appraisement to issue. There was no appeal for reappraisement from the actual appraisement dated August 11, 1967, when the time for appeal legally began to run. The liquidation in issue in the case occurred on the same date as the actual appraisement.

The opinion in the *Carr* case, *supra*, relies upon 19 U.S.C.A. § 1501(a) (section 501(a) of the Tariff Act of 1930, as amended) in attempting to establish a "final appraised value." The statute

provides in the part relied upon as follows:

"(a) * * * The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court."

19 U.S.C.A. § 1501 would be pertinent here, if plaintiff was a party seeking an *appeal for a reappraisement*—an action against an appraising officer for his determination of an "appraised value." This is not such an action. This is a protest proceeding—an action against a collecting officer for his liquidation on a basis other than a "final appraised value," involved in 19 U.S.C.A. § 1503,—one of the three essential elements the collecting officer is required to use in liquidating an entry, whether or not there has been an appeal for a reappraisement. The other two elements are quantity and rate. He cannot liquidate until the appraisement has become a "final appraised value," and he has determined the other two elements (quantity and rate) entering into his liquidation.

The opinion in the *Carr* case, *supra*, does not cite any cases holding that a collector or district director may make a premature liquidation in contravention of the statute, 19 U.S.C.A. § 1503 (section 503 of the Tariff Act of 1930, as amended), which provides:

(a) "Except as provided in section 1562 of this title (relating to withdrawal from manipulating warehouses), the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the *final appraised value*." [Emphasis added.]

It has been judicially determined that an appraised value becomes final upon the expiration of a 60-day period absent the filing of an appeal for reappraisement, and that the collecting officer cannot liquidate until the appraisement has become a "final appraised value."

The premature liquidation was not an act which the collector or district director had the power to perform, but performed in an improper manner, as the Court of Customs and Patent Appeals held the facts to be in the case of Joseph Fischer v. United States, 38 CCPA 143, 150, C.A.D. 452 (1951), cited in the *Carr* case. The collector or district director had no power to liquidate until there was a "final appraisement," that is, after the 60 days for appeal had expired. Even that case made a distinction between what is merely "erroneous" and thus "voidable" and what is "illegal" and thus "void."

Whereas the opinion in the *Carr* case, *supra*, does not expressly state that the district director may waive the 60-day period within which he may appeal, the opinion implies as much.

The argument that the collector or district director be regarded as having waived his right to appeal by a premature liquidation was exploded in Lawrence Groom & Co. v. United States, 64 Treas.Dec. 119, T.D. 46559 (1933), where the collector liquidated an entry eleven days after the appraiser's report and thereafter filed an appeal for reappraisement on the fifty-ninth day. The court in permitting him to appeal for reappraisement did not regard the premature liquidation as a waiver of his right to appeal. The court at page 121 said:

" * * * The collector in this case had no appraised value upon which he could *legally* assess duty until after the 60-day period after the appraiser's return, within which he was authorized to file an appeal for a reappraisement, had expired." [Emphasis added.]

\* \* \* \* \* \*

."It is not within the power of the collector to destroy the authority granted him by Congress of filing an appeal for a reappraisement by liquidating an entry during the time within which he is authorized to file an appeal for a reappraisement of the merchandise. *The collector cannot destroy a legal right by the doing of an illegal act.*" [Emphasis added.]

A waiver means to irrevocably relinquish a right that is beneficial to the individual. A person cannot make a waiver of a right and then later say "I have changed my mind. I take the waiver back." Legal rights do not ebb and flow as the tide. Also, the 60-day period within which the collector or district director may appeal is not a personal right or privilege to waive, but a right given the collector or district director on behalf of the United States Government to determine within a 60-day period whether in the public interest an appeal for reappraisement should be taken. He cannot shorten this 60-day period by a premature liquidation.

The *Lawrence Groom & Co.* case, *supra*, was decided on the basis of section 503 of the Tariff Act of 1922 which did not contain the expression "final appraised value." The court did use substantially similar language in its decision when it said: "In this case the appraised value of the merchandise did not become *final* and conclusive upon all parties so long as the right of appeal vested in either of them." (Emphasis added.)

The expression "final appraised value" appeared for the first time in section 503 of the Tariff Act of 1930. Section 503 was amended in 1953, but Congress retained the expression "final appraised value," with a knowledge of the court's interpretation of the expression. If Congress had disapproved of the long standing judicial interpretation of what is meant by "final appraised value," it is submitted that it would have further amended the statute to indicate its disapproval. Its failure to do so evinces an intent to consider premature liquidations null, void and of no effect.

In the *Biddle Purchasing Co. et al.* case, *supra*, the majority of the court also rejected the contention that a liquidation prior to the expiration of the 60-day period constitutes a waiver of the 60-day waiting period for the appraisement to become final.

The Second Division, in its opinion in the *Carr* case, *supra*, states that in the *Biddle* case, *supra*, " \* \* \* where no appeal was filed, the appraisement was not held void." The issue in the *Biddle* case, *supra*, was not whether the appraisement was void, but whether the liquidation was void. The court had the following to say on this issue, at pages 885 and 886 of its opinion:

"It was only after sixty days from the date of the appraiser's report that the appraised value became final. Any liquidation made prior to the time when the appraisement becomes final is *void and without any force or effect. Such has been the holding of this court and the appellate court.*" [Emphasis added.]

\* \* \* \* \* \*

" \* \* \* On March 23, 1936, in United States v. Boston Paper Board Co., 23 CCPA 372, T.D. 48233, [the Court of Customs and Patent Appeals did] hold that the attempted liquidation of the entry prior to the expiration of the time within which to appeal for reappraisement was properly held by the trial court and the division to be *null and void.*

"On the facts in the case at bar we so hold." [Emphasis added.]

At page 885.

\* \* \* \* \* \*

" \* \* \* The date on which final appraisement became valid was provided for under existing law. Therefore the liquidation in question, having been made prior to the time allowed by law, viz, sixty days, when the appraisement became final, and during which period the collector had the right to appeal, was invalid.

*"We therefore hold the liquidation of the entries covered by these protests null and void, and of no force and effect. The protest are sustained."* [Emphasis added.]

At pages 885–886.

The headnote in the *Biddle* case, *supra,* at page 880 also states:

"A liquidation made prior to the expiration of the sixty days allowed by law to the collector within which to appeal for reappraisement is *void,* as the appraisement by the appraiser does not become final and conclusive until such time has expired." [Emphasis added.]

Admittedly a headnote is no part of the decision in a case, but in this instance it does succinctly and accurately capsule the opinion.

The Customs Courts Act of 1970, effective October 1, 1970, changes the administrative procedure in appraisement and liquidation, but the same Act limits this court to applying the law in effect prior to October 1, 1970, in deciding protests, the trial of which began prior to October 1, 1970 (Title I, Section 122 of The Customs Courts Act of 1970). Also, Rule 14.9(b) (1) of the Rules of the Customs Court effective October 1, 1970, provides:

"All actions in which trials have commenced prior to October 1, 1970 shall be further processed and governed in accordance with the law and with the rules of the court in effect prior to October 1, 1970."

This protest was tried prior to October 1, 1970.

The position taken by me in Garod Radio Corporation v. United States, 46 Cust. Ct. 473, Abstract 65612 (1961), to which attention is called in the majority opinion is not inconsistent with the views I express here. In the *Garod* case the issue before the Third Division of this court was whether the question of the legality of a liquidation (by reason of the pendency of an alleged appeal for reappraisement) could be adjudicated by the court without regard to the "suffi-ciency" of the protest which purported to present the question. In the opinion written by me in *Garod,* concurred in by Judge Johnson thus constituting the majority view in that case, the Third Division (one judge dissenting) held that the question of the legality of the liquidation could not be entertained by the court by reason of the legal insufficiency of the protest. Thus, the court, in dismissing the protest in *Garod,* never reached the question of a "void" liquidation. The majority opinion expressly found there that "The protest in its present posture does not afford the court jurisdiction to inquire into the sufficiency of the alleged appeal to reappraisement or the validity of the liquidation." In the instant case, however, the court has found the protest to be legally sufficient to confer jurisdiction upon the court to entertain the question as to the legality of the liquidation. Consistent with this finding I have for the reasons stated hereinbefore, found the liquidation herein to be "void."

The liquidation herein is null and void by reason of its prematurity, and the protest filed herein against such void liquidation is premature, and must, therefore, be dismissed.