(C.D. 4301)

LAMB-WESTON, INC. v. UNITED STATES

Port of Portland, Oreg., protest 69/38803 on vegetables

(Dated December 1, 1971)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiff moves for an order directing the American Consul in Rotterdam, Holland, to take a certain deposition upon written interrogatories. The motion is opposed by the defendant. There is, however, an overriding jurisdictional question confronting the court, manifested in the entry papers accompanying this motion and precluding action on the merits of the motion.

The first and fundamental question in every protest action is that of jurisdiction, and if it is not raised by counsel it is the duty of the court to raise it *sua sponte* and act upon it. Jurisdiction is essential to the court's authority to proceed in a protest action, and if it does not have jurisdiction it must dismiss the action. *Morris Gilmer*, 129 U.S. 315, 325, 32 L.Ed. 690, 694 (1889); *United States* v. *Klytia Corporation*, 29 CCPA 109, 113, C.A.D. 178 (1941); *U. Fujita & Co. et al.* v. *United States*, 26 CCPA 63, 69, T.D. 49611 (1938).

The protest underlying the instant action was disallowed by the district director of customs at Portland August 22, 1969, which was prior to October 1, 1970, and as such, this action is governed by customs law in effect prior to October 1, 1970. See: Title II, Section 203 of Customs Courts Act of 1970. The entry papers in this action reveal that the subject merchandise was appraised and liquidated on the same day, May 23, 1969. The provisions of 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953) to which the said entry is sub-

ject mandate liquidation of entries covering imported merchandise upon the basis of the *final appraised value.*

It is well settled that a liquidation of an entry within 60 days of the date of the appraiser's report is not made upon a *final appraised value,* and as such, is a void liquidation. *United States* v. *Boston Paper Board Co.,* 23 CCPA 372, T.D. 48233 (1936) ; *Lawrence Groom & Co.* v. *United States,* 64 Treas. Dec. 119, T.D. 46559 (1933) ; *Biddle Purchasing Co., et al.* v. *United States,* 69 Treas. Dec. 880, T.D. 48320 (1936) ; *Ti Hang Lung & Co.* v. *United States,* 3 Cust. Ct. 268, C.D. 248 (1939) ; and *The New Home Sewing Machine Co.* v. *United States,* 62 Cust. Ct. 895, R.D. 11655 (1969). See also *United States* v. *European Trading Co.,* 26 CCPA 103, 108, C.A.D. 1 (1938), holding that a liquidation of an entry upon other than a *final appraised value* is not voidable, but void. The liquidation of the instant entry as aforesaid is in this posture, and is, therefore, void. And it follows that no useful purpose can be served in this litigation by undertaking to decide the instant motion on its merits, and thereby advancing the action toward a day of trial.

This judge is not unmindful of the fact that recent opinions have been written and subscribed to by other judges of the Customs Court implying that prior decisions of the Customs Court and of the Court of Customs and Patent Appeals may be indirectly overruled by declaring that a void act is a voidable act. Assuming that such recent decisions of the Customs Court have by implication overruled earlier decisions of the Customs Court, it is submitted that the Customs Court cannot expressly or by implication overrule the decisions of the Court of Customs and Patent Appeals. Until the Court of Customs and Patent Appeals changes its position on the issue raised in the accompanying order, I feel bound to follow the present decisions of our appellate court.

This motion and the instant action must be dismissed for prematurity. It is the duty of the district director of customs to liquidate the involved entry in the manner provided for by law so that plaintiff may file a valid protest against said entry if it be so advised.