59 CCPA

**NATIONAL SILVER CO., Appellant.**

**v.**

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5492.**

United States Court of Customs
and Patent Appeals.

Aug. 17, 1972.

Stein & Shostak, Los Angeles, Cal., attorneys of record, for appellant. James F. O'Hara, S. Richard Shostak, Los Angeles, Cal., of counsel.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John A. Gussow, New York City, for the United States.

Before RICH, Acting Chief Judge, and ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision and judgment of the United States Customs Court, Third Division,[1] dismissing a protest against the decision of the District Director at the Port of Los Angeles, refusing to reliquidate certain entries.

The record before this court cònsists of a copy of the Customs Court opinion and the following stipulation of facts:

The claim of the importer herein is limited to Entry 280316 of June 20, 1966; the merchandise covered by said Entry was appraised on August 15, 1966, and no appèal for reappraisement was filed by the importer, appellant herein; and said entry was liquidated on September 19, 1966. Within 60 days after the contested decision of the District Director dated August 31, 1967, the protest the subject of this case was filed, on October 20, 1967.

The decision of the District Director dated August 31, 1967, was apparently a refusal to reliquidate the entries upon appellant's claim of clerical error or mistake of fact made pursuant to section 520(c) (1) of the Tariff Act of 1930, as amended. The sole issue in this case is whether the September 19, 1966 liquidation is null and void because it was made prior to the expiration of the sixty day period provided by section 501(a) of the Tariff Act of 1930, as amended.

The pertinent statutory provisions read as follows:

Section 501(a) The collector shall give written notice of appraisement to

---

1. 67 Cust.Ct. ——, 333 F.Supp. 551, C.D. 4283 (1971).

the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court.

Section 503. (a) Except as provided in section 1562 of this title (relating to withdrawal from manipulating warehouses), the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the final appraised value.

(b) For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall * * * be taken to be the value of the merchandise.

Section 505. The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond,

the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

A majority of the Customs Court held that the liquidation was voidable rather than absolutely void. The liquidation could have been avoided by the filing of an appeal to reappraisement within the proper time, but, since no such appeal had been filed, the liquidation was held valid. The majority relied heavily on John V. Carr & Sons, Inc. v. United States, 66 Cust.Ct. 316, 326 F.Supp. 973, C.D. 4209 (1971), quoting the following from that decision:

Obviously, if a timely appeal for reappraisement had been filed, the liquidation herein would have been rendered void. That is the situation which existed in a number of cases where the court has stated that the liquidation is void or that the collector has no power to liquidate while an appeal for reappraisement is pending. Stubbs v. United States, 7 Ct.Cust. App. 399, T.D. 36967 (1917); United States v. Boston Paper Board Co. [23 CCPA 372, T.D. 48233 (1936)], *supra*; Lawrence Groom & Co. v. United States [64 Treas.Dec. 119, T. D. 46559 (1933)], *supra*; The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). See also United States v. European Trading Co., 26 CCPA 103, C. A.D. 1 (1938), where liquidation took place before the time to appeal from a decision of the Customs Court to the Court of Customs and Patent Appeals had expired.

While the word "void" has been applied to the liquidations in some of the decisions, that term is often used to signify various shades of infirmity from absolutely void for all purposes to merely voidable. Joseph Fischer v. United States, 38 CCPA 143, 150, C.A.D. 452 (1951). In that case the court found it significant that prior decisions had held that insufficient designation of packages to be examined rendered an appraisement null and void rather than void *ab initio*. It concluded that the action of the collector in failing to designate the prescribed number of packages "may be characterized as an act which he was empowered to perform but which he performed in an improper manner." It was held that such act, not being void in an absolute sense, did not vitiate the jurisdiction of the court in a reappraisement case.

In the instant case, the district director was empowered to liquidate the entry on the basis of the appraised value (absent a timely appeal for reappraisement or a finding of value by the Customs Court or the Court of Customs and Patent Appeals.) This he did—the only alleged infirmity being that he did it prior to the expiration of the time during which an appeal might have been filed. The liquidation could have been voided by the filing of a timely appeal by either party. Since in this case none was filed, and the rights of neither party have been prejudiced, the liquidation remains valid.

Judge Richardson dissented, stating:

This is a 1967 protest, and, according to Title I, Section 122 of The Customs Courts Act of 1970, and Rule 14.9(b) (1) of the Rules of the Customs Court, it is governed by the law in effect prior to October 1, 1970. The liquidation in this protest is premature and void. The law in effect prior to October 1, 1970 as declared by the Court of Customs and Patent Appeals, and by this court in an unbroken chain of decisions, is that a liquidation of an entry prior to the expiration of the 60 days after appraisement in which the collector or district director might appeal for reappraisement is not upon a "final appraised value," is premature and void, and a protest against such liquidation must be dismissed as premature. United States v. Boston Paper Board Co., 23 CCPA 372, T.D. 48233 (1936). See also: Lawrence Groom & Co. v. United States, 64 Treas.Dec. 119, T.D. 46559 (1933), Biddle Purchasing Co. et al. v. United States, 69 Treas. Dec. 880, T.D. 43320 (1936), Ti Hang Lung & Co. v. United States, 3 Cust. Ct. 268, C.D. 248 (1939), and The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). There can be no "final appraised value" until either the right of appeal has been exhausted, or the statute of limitations has run against such appeal. Only then can there be a legal liquidation.

Judge Richardson noted that in the *Carr* case the court relied on section 501 of the Tariff Act of 1930 to establish a "final appraised value." He did not consider that section to be pertinent in this protest proceeding, since it is "an action against a collecting officer for his liquidation on a basis other than a 'final appraised value,'" as required by section 503 of the Act. He further pointed out that although section 503 was amended in 1953, the expression "final appraised value" was retained.

Appellant agrees with Judge Richardson's dissent. Appellant's main argument is to the effect that section 503 requires that liquidations can only be based on the final appraised value of the merchandise, that there is no final appraised value until the sixty day period for appeal in section 501 has passed, that therefore a collecting officer has no power to liquidate an entry prior to the expiration of the period, and that any liquidation which takes place prior to the expiration of the period is thus absolutely void.

*Opinion*

As one might surmise from the vigorous divergence of view among the learned Judges of the Customs Court, the case is not without its difficulties. Upon consideration, however, we find ourselves in agreement with the reasoning of the majority of the Customs Court in this case and as expressed in the *Carr* case.

■ It is true that section 503 of the Statute requires liquidations to be based upon the "final appraised value" of the merchandise. However, whether the appraised value is final or not must be determined from section 501. That section states that the appraiser's decision "shall be final and conclusive upon all parties *unless* a written appeal for reappraisement is filed * * * within sixty days after the date of the appraisers report * * *." We agree with the Customs Court that the term "unless" indicates that the filing of an appeal was intended as a condition subsequent. In the instant case, since there was no appeal filed by either party the original appraisement was "final and conclusive on all parties." Since the liquidation was based on that appraisement, we believe section 503 has been satisfied.

■ While the precise issue in this case has not been previously ruled on by this court, there is dicta in the *Boston Paper Board* case which supports appellant's view. In that case the *appraisement* was held to be null and void for the failure of the collector to designate the proper number of samples of the merchandise to be examined. The collector had liquidated the entry prior to the expiration of the time for appeal, but had thereafter *filed an appeal* to reappraisement within the sixty day period. In response to an argument that the designation of an insufficient number of samples was cured by the fact that a greater number of samples was examined by the appraiser than was actually required, the court stated:

Had the collector accepted the appraisement made and liquidated the entry accordingly, this argument might be made with some plausibility; but he did not. His attempted liquidation of the entry prior to the expiration of the time for appeal to reappraisement was properly held by the trial court to be null and void, and therefore there was no official act of the collector accepting the examination and appraisement of 7 packages.[2]

We agree with the view of the Customs Court in *Carr* that "null and void" in the above quote should be taken as meaning merely "voidable." See Fischer v. United States, 38 CCPA 143, 150, C. A.D. 452 (1951). So viewed, the *Boston Paper Board* case is not inconsistent with our interpretation of the statute, under which the collector's appeal in that case would have rendered the earlier liquidation void. Our interpretation of the statute is also fully consistent with those cases dealing with liquidations attempted while appeals were pending. See, e. g., United States v. European Trading Co., 26 CCPA 103, C.A. D. 1 (1938); United States v. Kuyper & Co., 15 Ct.Cust.Appls. 4, T.D. 42129 (1927); Stubbs v. United States, 7 Ct. Cust.Appls. 399, T.D. 36967 (1917).

We find it unnecessary to discuss the Customs Court cases of Lawrence Groom & Co. v. United States, 64 Treas.Dec. 119, T.D. 46559 (1933); Biddle Purchasing Co. v. United States, 69 Treas. Dec. 880, T.D. 48320 (1936); Ti Hang Lung & Co. v. United States, 3 Cust.Ct. 268, C.D. 248 (1939); and New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). To the extent they are inconsistent with the present case, they have been overruled by *Carr* and its progeny. See, e. g., Pistorino & Co. v. United States, 65 Cust. Ct. 387, C.D. 4110 (1970), on rehearing, 68 Cust.Ct. ——, 333 F.Supp. 541, C.D. 4281 (1971); First American Artificial Flowers, Inc. v. United States, *supra*, 67 Cust.Ct. ——, 5 Customs Bulletin, No. 41,

at 36, C.D. 4269 (1971). Accordingly, the judgment of the Customs Court is affirmed.

Affirmed.