(C.R.D. 74–5)

NAGARA TRADING CO. *v.* UNITED STATES

Court Nos. 61/8874, 61/8875, 61/9008

(Dated April 8, 1974)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*Carla A. Hills,* Assistant Attorney General (*Robert B. Silverman,* trial attorney), for the defendant.

RICHARDSON, Judge: These are motions by the defendant to dismiss actions for lack of jurisdiction to determine value, on the theory of incompleteness in the appraisement in that notice of the appraised value did not reach the importer; and to refer the actions to the district director at the port of Los Angeles to take appropriate administrative action.

Three protests covering as many entries were consolidated for trial. The importations consist of rubber soled footwear exported from Hong Kong and entered at Los Angeles at various times. The entries were liquidated on the basis of advanced values. It was claimed that the liquidations were illegal and void because notice of appraisement was not given as required by statute.

In a stipulation before the Third Division by and between counsel for the respective parties, they agreed that:

"* * * upon appraisement of these entries the appraised value did exceed the entered value of the merchandise and that the collector failed to give written notice of appraisement to the plaintiff or the consignee or the importer, his agents or to his attorney"

in accordance with the requirements of section 501, Tariff Act of 1930, as amended (19 U.S.C.A. 1501).

The Third Division in accepting the stipulation as evidence of the facts, and upon the authority of 19 U.S.C.A. 1501 and *United States v. James H. Rhodes & Co.*, 40 CCPA 1, C.A.D. 448 (1952), held the liquidations to be illegal and void.

In accordance with the provisions of 28 U.S.C.A. 2636(d) the matter was remanded to a single judge of this court to determine the proper dutiable value of the subject merchandise in the manner provided by law. (*Nagara Trading Co., Inc.* v. *United States*, 49 Cust. Ct. 310, Abs. 67217 (1962).)

When a liquidation is held to be void because it is based upon an appraisement which is void in that notice of appraisement was not sent to the importer it is mandatory that the matter be remanded to a single judge to determine value.

The provisions of 28 U.S.C.A. 2636(d) are:

"If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it *shall* remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values." (Emphasis added.)

The plaintiff filed its complaints seeking a reappraisement by a single judge in accordance with the remand. Subsequently, the defendant filed these motions to dismiss, and the plaintiff has not responded to the motions to dismiss.

The defendant's argument is that the appraisement is incomplete and *not invalid or void*, citing *The New Home Sewing Machine Co.* v. *United States*, 62 Cust. Ct. 895, R.D. 11655 (1969), an appeal to reappraisement case in which the court also held that a liquidation was *void* where a notice had been sent erroneously to the plaintiff before appraisement. See also Judge Landis, speaking for the majority in *Pistorino & Co., Inc.* v. *United States*, 67 Cust. Ct. 245 at p. 251, C.D. 4281 (1971), where the court pointed out that the appeal to reappraisement in the *New Home* case was taken *prior to appraisement* as "Customs prematurely, and prior to appraisement, had given the importer notice that the appraisement had already been made when in fact it had not", and restated that the liquidation in the said case was *void*. The Court of Customs and Patent Appeals did not pass upon the *New Home* case when it was before it collaterally in *National Silver Co.* v. *United States*, 59 CCPA 185, (see p. 190), C.A.D. 1064, 463 F. 2d 1387 (1972). The authority cited in the *New Home* case for support of the procedure of sending a case back to the appraiser to mail a notice of appraisement on the theory of incompleteness of appraisement, *Alfred Dunhill of London, Inc.* v. *United States*, 22 Cust. Ct. 209, C.D. 1178 (1949), did hold "that the appraisement was incomplete [where notice had not reached the importer], and that a proper notice of appraisement should be sent to the plaintiff so that the appraisement may be completed and plaintiff be given an opportunity, if it so desires, to file an appeal for reappraisement." The Government advanced the same "incompleteness of appraisement" theory citing the *Alfred Dunhill of London, Inc.* case, three years later in 1952, in the case of *United States* v. *James H. Rhodes & Co., supra*, before the Court of Customs and Patent Appeals. However, the theory was rejected and the court followed the mandatory requirements of the statute and held that where there has been a liquidation upon a void appraisement there should be a "day in court."

Also, the *New Home* case was *a reappraisement case*. The involved cases being *protests* matters in a remand to a single judge to find value status, at the time Public Law 91–271 became effective, October 1, 1970, they are deemed, under rule 14.9(b)(2), trials which had been commenced prior to October 1970, and are governed by practices and procedures in effect prior to October 1, 1970. The plaintiff has not responded to the motions to dismiss, but the judge in Motion Part has

no authority to set aside a remand order by a Division entered pursuant to the request of both parties in a stipulation which was in conformity with mandatory statutory procedure in protest matters as required by 28 U.S.C.A. 2636(d); and dismiss the cases for "incompleteness of appraisement" and refer them to the district director of customs for proper administrative action.

The defendant's motions to dismiss for lack of jurisdiction are denied.